SMITH, Justice, for the Court.
Preferred Risk Mutual Insurance Company exhibited its bill of complaint in the Chancery Court of the Second Judicial District of Jones County against Coleman Sumrall and Paul W. Davis, praying that a decree be entered declaring that Davis was not an insured under its policy of automobile liability insurance issued to Lucille Parker Horn on her automobile.
The complainant alleged: It had issued its policy of automobile liability insurance to Lucille Parker Horn on her automobile, the policy was outstanding and subsisting, Horn had entrusted her car to Davis to be transported by him for repairs, and Horn had specifically instructed Davis not to drive the autombile except for that purpose. It was alleged that, notwithstanding such instructions and in violation thereof, Davis drove the automobile for his own personal purposes and while so doing was involved in a collision with the automobile of. Coleman Sumrall, who was injured as a result. Based upon these alleged facts, complainant charged that its policy of insurance,: a copy of which was exhibited with the bill,- did not cover Davis as an insured as it was alleged that, at the time of the collision, Davis was driving the insured vehicle without permission of the policyholder and named insured, Lucille Parker Horn, and thus was excluded under the provisions of the policy.
A general demurrer was interposed to the bill by Sumrall and was overruled. The chancellor, however, granted an interlocutory appeal to this Court, ostensibly to settle all of the controlling principles of the case, under Mississippi Code Annotated section 11-51-7 (1972).
It is apparent that complainant is asking for a decree in this case declaring that Davis is not covered under its policy issued to Horn and absolving it from liability to pay any judgment that may, at any time in the future, be recovered against Davis as a result of the collision.
Such a decree would be declaratory in nature and run counter to the decisions of this Court, the most recent of which is Hinds-Rankin Metropolitan Water & Sewer Association v. St. Paul Fire & Marine Insurance Company, 289 So.2d 904 (Miss.1974).
The distinguishing characteristics of a declaratory judgment are set out in 22 Am. Jur.2d, Declaratory Judgments section 1 (1965), where it is said:
The distinctive characteristic of a declaratory judgment is that the declaration stands by itself, that is, no executory process follows as of course. In other words, such a judgment does not involve executory or coercive relief. The essential distinction between an action for declaratory judgment and the usual action is that no actual wrong need have been committed or loss have occurred in order to sustain the declaratory judgment action, but there must be no uncertainty that the loss will occur or that the asserted right will be invaded. Thus, the purpose of the declaratory judgment is to permit adjudication of the rights or status of the parties without the necessity of a previous crime or breach. (Emphasis added).
Sumrall, a party involved and injured in the collision and an ostensible claimant, protests that he'is entitled to pursue in the “usual and regular way” any remedy he may have and he objects to having his ultimate right, if any, against the insurer of the automobile, cut off as a preliminary matter in a suit of this kind. Lucille Parker Horn, the policyholder and named insured, was not made a party to this litigation.
§ 4. .Power to Render
Except where authorized by statute, a court cannot, either at law or in equity, entertain an action for, or render, a merely declaratory judgment declaring rights, obligations, or legal relations without awarding any remedial process.
Since a declaratory judgment is of purely statutory creation,, and unknown to the common law, as discussed supra § 2, in the absence of an authorizing statute a court cannot, either at law or in equity, entertain an action for, or render, a merely declaratory judgment declaring *570 rights, obligations, or legal relations without awarding any remedial process; and this rule applied in the federal courts prior to the enactment of the federal declaratory judgments act.
[26 C.J.S. Declaratory Judgments § 4 (1956)].
Mississippi has no statute authorizing the entry of declaratory judgments and this Court has held uniformly over the years that declaratory decrees and judgments will not be entered. Whatever may be the desirability of altering this established policy it is considered that the law in this state is settled and, in the absence of statute or of a most compelling reason, (and no such reason is cited here), any change must come from the Legislature.
The action of the chancellor in overruling the general demurrer was error and is reversed. A decree sustaining the demurrer is entered here and the bill is dismissed, but without prejudice to the rights of any party-
REVERSED AND DISMISSED WITHOUT PREJUDICE.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.